RILEY *v*. RILEY ET AL.

(Decided June 11, 1928.)

*Mr. Warren Gard* and *Mr. Clinton Egbert,* for plaintiff in error.

*Mr. J. B. Connaughton* and *Mr. Harry J. Koehler, Jr.,* for defendants in error.

CUSHING, J. Perry B. Riley filed an action in the court of common pleas of Butler county to enjoin the defendants from selling or disposing of an undivided fourth interest in the real estate described in the petition. A demurrer to the petition was sustained, and, plaintiff not desiring to plead further, judgment was entered against him. This action is prosecuted to reverse that judgment.

The petition recites that defendant Addie Riley secured a judgment against Perry B. Riley. It was not paid. The petition further states that defendant George O. Sloneker, sheriff of Butler county, Ohio, under an order from the court of common

pleas, was proceeding to sell the fourth interest in the real estate. The plaintiff's interest in the real estate came to him by the last will and testament of his father, James M. Riley, and he holds said real estate subject to the provisions set out in the codicil of said will. The provisions are:

"It is my will that the distributive share of my son, Perry B. Riley, shall be held by him in trust to be used by him for the support and benefit of himself and his family and not be made subject to the payment of his debts or used for that purpose, and that his receipt therefor shall be a sufficient voucher to exonerate my administrator in the settlement of my estate."

It is claimed that by the above terms of the codicil of the will the sale is without authority of law, and void; that plaintiff would suffer irreparable damage and loss and plaintiff prays that Addie B. Riley and George O. Sloneker be restrained from selling and disposing of said undivided fourth interest in said real estate described in the petition.

It is claimed that the testator had power to prevent legacies in the hands of his administrator from being seized by creditors. Counsel cite and rely on *Skillman* v. *Symmes,* 7 C. D., 39, 14 C. C., 547. The petition does not recite that the property is in the hands of an executor or an administrator with the will annexed. The will is not before us. The part of the codicil pleaded is:

"It is my will that the distributive share of my son * * * shall be held by him in trust to be used by him for the support and benefit of himself and his family."

The question is: What is the legal effect of the

provision, "shall be held by him in trust to be used by him for the support and benefit of himself and his family?"

The petition states that the plaintiff was bequeathed an undivided fourth part of said real estate. "Bequeath" usually refers to personal property, but we take it that that word as used in the petition means that the will "devised" that interest to plaintiff, and by codicil the testator, to give it the construction most favorable to plaintiff, undertook to cut down or limit the devise so that it was to be held in trust. The rule is that language which undertakes to cut down an estate must be as clear as that which makes the gift.

There is no limitation over of the estate in any contingency to any other person or persons. Riley was given the whole estate. The language of the codicil attempting to cut down the devise is not clear, nor does it bring it within the rule for the creation of an inalienable trust. *Thornton* v. *Stanley,* 55 Ohio St., 199, 45 N. E., 318, and cases therein cited. *Hobbs* v. *Smith,* 15 Ohio St., 419.

For the reason stated, our conclusion is that the court of common pleas was correct in sustaining the demurrer.

*Judgment affirmed.*

HAMILTON, P. J., and MILLS, J., concur.